UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KRISTOFFER S. NORMAN | ) |
| Plaintiff | ) |
| v. | ) CIVIL ACTION NO. 7:11-cv-00151-gec |
| EXPERIAN INFORMATION SOLUTIONS, INC. | ) |
| BANK OF AMERICA CORPORATION | ) |
| BANK OF AMERICA, NATIONAL ASSOCIATION | ) |
| BAC HOME LOANS SERVICING, LP | ) |
| Defendants | ) |

## AMENDED COMPLAINT

Kristoffer S. Norman ("Norman"), by counsel, files his Complaint against Experian Information Solutions, Inc. ("Experian"), Bank of America, National Association ("BOA"), Bank of America Corporation ("BAC") and BAC Home Loans Servicing, LP ("BOAHL,") which, along with BOA and BAC, are collectively referred to as the "Bank", and which, along with Experian, are collectively referred to as the "Defendants"), and, in support thereof, states as follows:

### Jurisdiction and Venue

1.   This action is for actual, statutory and punitive damages, attorney fees, and costs pursuant to 15 U.S.C. § 1681 *et. seq.* (Fair Credit Reporting Act), the common law tort of defamation, and 12 U.S.C. § 2605 (Real Estate Settlement Procedures Act).

2.   This Court has subject matter jurisdiction under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

1

3. Venue is proper under 28 U.S.C. § 1391, since a substantial part of the acts or omissions giving rise to the claims occurred in this district.

### Parties

4. Norman is a natural person and resident of Pulaski County, Virginia.

5. Experian is an Ohio corporation that transacts business throughout the Commonwealth of Virginia.

6. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f), which is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

7. Experian disburses such consumer reports to third parties under contract for monetary compensation.

8. BOA and BAC are authorized to transact business throughout the Commonwealth of Virginia as credit lenders.

9. BOAHL services residential mortgages throughout the Commonwealth of Virginia for BOA and BAC.

### Background

10. Norman obtained a residential home loan secured by a deed of trust from Atlantic Bay Mortgage Group ("Atlantic Bay") on or about June 10, 2009.

11. Atlantic Bay then assigned the promissory note and deed of trust to the Bank on or about June 10, 2009.

12. Norman made timely payments to the Bank at all times relevant to this Complaint.

13. Once the loan was assigned to the Bank, which services Norman's mortgage loan, Norman made all payments at the branch located at 1001 Bob White Boulevard, Pulaski, Virginia, to ensure that the Bank received all payments on a timely basis and accurately reported his timely payments to the major credit reporting agencies.

14. During the period from August 2009 through March 2010, the Bank inaccurately and falsely reported Norman's account as delinquent to the major credit reporting agencies, including but not limited to Experian. The Bank failed to apply Norman's initial account payments that he had made at the Pulaski Branch on July 24, 2009, and August 28, 2009, causing his account to reflect inaccurately that he was two or three months delinquent. The Bank made such errors and inaccurately reported the account delinquency to consumer reporting agencies despite having received written notice on or about August 28, 2009, and again on December 23, 2009, that its account information for Norman was incorrect. Norman also complained to the Bank in person on multiple occasions between August 2009 and February 2010, and through emails submitted on his behalf by Andy Hullender, manager of the Pulaski branch of the Bank, about its false and inaccurate accounting and application of his mortgage payments.

15. Norman did not become aware of the inaccurate and false reporting until December 22, 2009, when he received a telephone call from a collections representative of the Bank.

16. Shortly after receiving the December collection call, Norman contacted the Bank by letter faxed on December 23, 2009, a copy of which is attached as Exhibit A, and reported the actions of the Bank to the Comptroller of the Currency by letter dated February 5, 2010, a copy of which is attached as Exhibit B. He left messages with Mayra Ramirez, Customer Advocate for the Bank, on January 15, 2010, January 19, 2010, January 22, 2010, February 2, 2010,

February 5, 2010, and February 9, 2010, without satisfactory resolution of the Bank's failure to apply his account payments properly and accurately.

17. Instead, the Bank mailed Norman letters of acceleration dated January 27, 2010, and February 11, 2010, copies of which are attached as Exhibits C and D, tormented him with multiple collection calls each day, and threatened a foreclosure sale of his home to occur sometime shortly after March 13, 2010.

18. In early January 2010, Norman viewed online his Experian credit report and disputed to Experian the reporting of his account status by the Bank on or about January 4, 2010, February 8, 2010, February 10, 2010, and March 5, 2010.

19. Despite Norman's dispute of his credit file at Experian, the reporting of his account status at the Bank continued to be inaccurate and false from January 2010 through May 2010.

20. Experian acknowledged Norman's dispute by reports dated February 12, 2010, and March 5, 2010, copies of which are attached collectively as Exhibit E. Despite acknowledgement of the dispute, Experian still reported his account at the Bank as delinquent.

21. Throughout the period between January and March 2010, the Bank denied that Norman's dispute with Experian had any merit.

22. On April 9, 2010, Norman again disputed with Experian the reporting by the Bank of Norman's credit file as false and inaccurate.

23. At all relevant times, Defendants had actual knowledge that the reporting by the Bank was false and inaccurate, but deliberately or negligently chose to ignore such information.

24. After receiving Norman's dispute of the inaccurate reporting and within two years prior to the filing of this action, Experian prepared and published to third parties multiple

inaccurate consumer reports about Norman that contained inaccurate and derogatory account information.

25. Upon information and belief, Experian forwarded Norman's disputes to the Bank, which failed and refused to investigate and correct its inaccurate reporting on a timely basis.

26. As a result of the actions of Defendants, Norman abandoned attempts at obtaining credit for the purchase of a Chevrolet vehicle, for establishment of credit lines, and for issuance of credit cards, since he had been expressly denied credit in December 2009, and viewed continued efforts as futile until the Defendants corrected his inaccurate credit file.

27. As a result of the actions of Defendants, Norman incurred mental and emotional pain, anguish, humiliation and embarrassment.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)

28. Norman restates the allegation in paragraphs 1-27 of the Complaint.

29. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy of the credit information that it reported about Norman.

30. As a result of the conduct, action and inaction by Experian, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

31. Experian's conduct, action and inaction were willful, thus entitling Norman to recover actual and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, Experian's conduct, action and inaction was negligent, entitling Norman to recover actual damages under 15 U.S.C. §1681o.

32. Norman is also entitled to recover attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)

33. Norman restates the allegation in paragraphs 1-27 of the Complaint.

34. Experian violated 15 U.S.C. § 1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Norman's credit file.

35. As a result of the conduct, action and inaction by Experian, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

36. Experian's conduct, action and inaction were willful, thus entitling Norman to recover actual and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, Experian's conduct, action and inaction were negligent, entitling Norman to recover actual damages under 15 U.S.C. §1681o.

37. Norman is also entitled to recover attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(2)

38. Norman restates the allegation in paragraphs 1-27 of the Complaint.

39. Experian violated 15 U.S.C. § 1681i(a)(2) on multiple occasions by failing to provide to the Bank prompt notice of Norman's dispute.

40.     As a result of the conduct, action and inaction by Experian, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

41.     Experian's conduct, action and inaction were willful, thus entitling Norman to recover actual and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, Experian's conduct, action and inaction were negligent, entitling Norman to recover actual damages under 15 U.S.C. §1681o.

42.     Norman is also entitled to recover attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT FOUR:  VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(4)

43.     Norman restates the allegation in paragraphs 1-27 of the Complaint.

44.     Experian violated 15 U.S.C. § 1681i((a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Norman.

45.     As a result of the conduct, action and inaction by Experian, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

46.     Experian's conduct, action and inaction were willful, thus entitling Norman to recover actual and punitive damages pursuant to 15 U.S.C. § 1681n.  Alternatively, Experian's conduct, action and inaction were negligent, entitling Norman to recover actual damages under 15 U.S.C. §1681o.

47.     Norman is also entitled to recover attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(5)(A)

48. Norman restates the allegation in paragraphs 1-27 of the Complaint

49. Experian violated 15 U.S.C. § 1681(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Norman's credit file or modify the item of information upon an accurate reinvestigation.

50. As a result of the conduct, action and inaction by Experian, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

51. Experian's conduct, action and inaction were willful, thus entitling Norman to recover actual and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, Experian's conduct, action and inaction were negligent, entitling Norman to recover actual damages under 15 U.S.C. §1681o.

52. Norman is also entitled to recover attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(5)(C)

53. Norman restates the allegation in paragraphs 1-27 of the Complaint.

54. Experian violated 15 U.S.C. § 1681i(a)(5)(C) on multiple occasions by failing to maintain procedures to prevent the re-appearance of deleted inaccurate information on Norman's credit file.

55. As a result of the conduct, action and inaction by Experian, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

56. Experian's conduct, action and inaction were willful, thus entitling Norman to punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, Experian's conduct, action and inaction was negligent, entitling Norman to recover actual damages under 15 U.S.C. §1681o.

57. Norman is also entitled to recover attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(A)

58. Norman restates the allegation in paragraphs 1-27 of the Complaint.

59. The Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) on multiple occasions by failing to fully and property investigate Norman's dispute of its reporting of his credit file information.

60. As a result of the conduct, action and inaction by the Bank, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

61. The Bank's conduct, action and inaction were willful, thus entitling Norman to recover actual and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, the Bank's conduct, action and inaction were negligent, entitling Norman to recover actual damages under 15 U.S.C. §1681o.

62. Norman is also entitled to recover attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(B)

63. Norman restates the allegation in paragraphs 1-33 of the Complaint.

64. The Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) on multiple occasions by failing to review all relevant information provided by Experian and other consumer reporting agencies.

65. As a result of the conduct, action and inaction by the Bank, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

66. The Bank's conduct, action and inaction were willful, thus entitling Norman to recover actual and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, the Bank's conduct, action and inaction were negligent, entitling Norman to recover actual damages under 15 U.S.C. §1681o.

67. Norman is also entitled to recover attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D

68. Norman restates the allegation in paragraphs 1-27 of the Complaint.

69. The Bank violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) on multiple occasions by publishing credit information about Norman's account at the Bank without noting that the debt was disputed and by failing to correctly report results of an accurate investigation to Experian and other credit reporting agencies.

70. As a result of the conduct, action and inaction by the Bank, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

71. The Bank's conduct, action and inaction were willful, thus entitling Norman to recover actual and punitive damages pursuant to 15 U.S.C. § 1681n. Alternatively, the Bank's

conduct, action and inaction was negligent, entitling Norman to recover actual damages under 15 U.S.C. §1681o.

72. Norman is also entitled to recover attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT TEN: COMMON LAW DEFAMATION

73. Norman restates the allegation in paragraphs 1-27 of the Complaint.

74. During the period from August 2009 through March 2010, the Bank, with malice or willful intent, furnished false information about Norman's credit account to Experian and other credit reporting agencies.

75. As a result of the defamatory conduct by the Bank, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

### COUNT ELEVEN: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES 12 U.S.C. § 2605(e)(2)

76. Norman restates the allegation in paragraphs 1-27 of the Complaint.

77. The Bank violated 12 U.S.C.S. § 2605(e)(2) in failing to make appropriate corrections to Norman's account and notifying him in writing of such corrections within 60 days of receipt of written correspondence about errors on his account on or about August 28, 2009, and on or about December 23, 2009.

78. As a result of the conduct, action and inaction by the Bank, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

### COUNT TWELVE: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES 12 U.S.C. § 2605(e)(3)

79. Norman restates the allegation in paragraphs 1-27 of the Complaint.

80. The Bank violated 12 U.S.C.S. § 2605(e)(3) in failing to suspend the reporting of overdue payment information to consumer reporting agencies during the 60 day period from receipt of written correspondence about errors on his account on or about August 28, 2009, and on December 23, 2009.

81. As a result of the conduct, action and inaction by the Bank, Norman suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and from mental and emotional pain, anguish, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment for actual and punitive damages, attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief as this Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**.

KRISTOFFER S. NORMAN

By: /s/ Mark A. Black
Of Counsel

Dennis P. Brumberg (VSB#1031)
Mark A. Black (VSB#20461)
Brumberg, Mackey & Wall, P.L.C.
30 Franklin Road, Suite 800
Roanoke, Virginia 24011
Telephone: (540) 343-2956
Facsimile: (540) 343-2987
Email: mblack@bmwlaw.com;
dbrumberg@bmwlaw.com
Counsel for Plaintiff